ORDERED.

Dated: November 01, 2016

_____
Jerry A. Funk
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| TAYLOR, BEAN & WHITAKER MORTGAGE CORP., *et al.,* | Case No. 3:09-bk-07047-JAF<br>Case No. 3:09-bk-10022-JAF<br>Case No. 3:09-bk-10023-JAF |
| Debtors._____/ | (Jointly Administered Under<br>Case No. 3:09-bk-07047-JAF) |
| NEIL F. LURIA, as Trustee to the TAYLOR, BEAN & WHITAKER PLAN TRUST, | Adv. Pro. No. 3:11-ap-00689-JAF |
| Plaintiff,<br>v. | |
| CHISHOLM PROPERTIES OF ATLANTA, LLC, | |
| Defendant._____/ | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON COMPLAINT
TO AVOID FRAUDULENT TRANSFERS AND RECOVER PROPERTY
<u>TRANSFERRED PURSUANT TO 11 U.S.C. § 550</u>**

The Court conducted a trial on Plaintiff's *Complaint to Avoid Fraudulent Transfers and to Recover Property Transferred Pursuant to 11 U.S.C. § 550* (DocA. 1[1]), on October 20, 2016 at

---

[1] All documents identified herein were admitted into evidence without objection and/or are properly subject of judicial notice as documents in the record before this Court, whether in the captioned adversary proceeding or the Debtors' main Chapter 11 cases, via Fed. R. Evid. 201 and/or applicable case law. *See*

7362762-2

1:30 p.m. in Jacksonville, Florida pursuant to a prior Order of the Court dated August 30, 2016. (DocA. 51[2]) In that Order, the Court instructed counsel for the parties to confer 15 days prior to trial and seek in good faith to settle. Plaintiff, through counsel, wrote a letter dated October 3, 2016 proposing a settlement to Defendant in care of Attorney DeWayne Martin (DocA. 58, Attachment No. 1), the person to whom correspondence was to be sent in the Court's *Order on Amended Renewed Motion to Withdraw* (DocA. 43), unless and until Defendant obtained substitute counsel. There is no record evidence that Defendant retained substitute counsel. An email dated October 3, 2016 responding to Plaintiff's letter advised that Mr. DeWayne no longer represented Defendant. (DocA. 58, Attachment No. 2) In response, also on October 3, 2016, Plaintiff sent a letter to Defendant, through its Registered Agent, relaying the same offer, and attaching a copy of the prior letter sent to Mr. DeWayne. (DocA. 58, Attachment No. 3) In subsequent correspondence dated October 19, 2016, the day before the scheduled trial, Mr. DeWayne confirmed that he no longer represented Defendant, that he had been terminated as counsel by mutual agreement with Defendant. (DocA. 58, Attachment No. 4). Plaintiff did not receive a response to the initial letter to Mr. DeWayne or the subsequent letter to Defendant's Registered Agent. Defendant, a corporate entity, did not attend trial through counsel.[3] The only counsel in attendance at the trial was Plaintiff's counsel, who made a proffer of testimony of Neil Luria, Plan Trustee of the TBW Plan Trust. Based on that proffer, which was uncontested and

---

*United States v. Rey,* 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) (a court may take judicial notice of its own records); *Glausier v. A+ NurseTemps, Inc.,* No. 5:11–cv–Oc–416–10PRL, 2015 WL 2020332, *2, n.5 (M.D. Fla. May 1, 2015) ("The Court may take judicial notice of its own files and records in other proceedings….") (citing Fed. R. Evid. 201(b)(2) and (c)(1); *State of Fla. Bd. of Trustees of Internal Improvement Trust Fund v. Charley Toppino & Son, Inc.,* 514 F.2d 700, 704 (5th Cir.1975)). "DocA." refers to the docket in the captioned adversary proceeding. "DocM." refers to the docket in the Debtors' main Chapter 11 cases.
[2] Plaintiff properly served the Order on Defendant. *See* (DocA. 52)
[3] Corporate entities can only appear and be heard in federal court through counsel. *Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1385 (11th Cir. 1985).

2

therefore accepted as direct testimony evidence, the Court makes the following findings of fact and conclusions of law.

### A.     Findings of Fact[4]

1.     Neil Luria is the Plan Trustee for the Taylor, Bean & Whitaker Plan Trust. He became the Plan Trustee on August 10, 2011, as a result of the authority vested in him pursuant to Article 6.G.3(a) of the *Third Amended and Restated Joint Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors* (DocM. 3240) (the "Plan"). The Plan was confirmed by the Court pursuant to its *Order Confirming Third Amended and Restated Joint Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors* entered on July 21, 2011. (DocM. 3420) The Plan Trustee is familiar with Taylor Bean & Whitaker Mortgage Corporation's ("TBW" or the "Debtor") books and records, the proffer was based on Mr. Luria's personal knowledge and/or after having reviewed the relevant books and records of TBW, including documents publicly available from the record of the Court in this adversary proceeding and the Debtor's main Chapter 11 case through PACER.

2.     On August 23, 2011, in his capacity as Trustee for the Taylor Bean & Whitaker Plan Trust, the Plan Trustee caused the *Complaint to Avoid Fraudulent Transfers and to Recover Property Transferred Pursuant to 11 U.S.C. § 550* (the "Complaint") initiating this adversary proceeding. (DocA. 1)

---

[4] To the extent a finding of fact is more appropriately considered a conclusion of law it is deemed adopted and shall be treated as a conclusion of law and vice versa. *See Cruz v. Dudek*, No. 10–23048–CIV, 2010 WL 4284955, *1 , n.8 (S.D. Fla. Oct. 12, 2010) ("Any Findings of Fact that are more properly considered to be Conclusions of Law shall be treated as such, and *vice versa.*"); *In re F.G. Metals, Inc.*, Nos. 8:06–bk–2108 (PMG), 8:06–bk–2109 (PMG), 2008 WL 2201473, *5 (Bankr. M.D. Fla. March 18, 2008) ("… to the extent any of the findings of fact set forth above are deemed to be conclusions of law, then such findings of fact are hereby adopted as conclusions of law. To the extent any of the following conclusions of law are deemed to be findings of fact, then such conclusions of law are hereby adopted as findings of fact.").

7362762-2

3.     A summons (the "Summons") was issued by the Court on August 23, 2011. (DocA. 2) The Complaint and Summons were duly served on Defendant on September 2, 2011. (DocA. 3)[5]

4.     On November 24, 2014, Defendant filed its *Chisholm Properties of Atlanta, LLC's Answer and Affirmative Defenses to Plaintiff's Complaint to Avoid Fraudulent Transfers and to Recover Property Transferred Pursuant to 11 U.S.C. § 550* (the "Answer"). (DocA. 24)

5.     On June 19, 2015, Defendant filed its *Chisholm Properties of Atlanta, LLC's Amended Answer and Affirmative Defenses to Plaintiff's Complaint to Avoid Fraudulent Transfers and to Recover Property Transferred Pursuant to 11 U.S.C. § 550* (the "Amended Answer"). (DocA. 31)

6.     By Order dated December 7, 2015, the Court struck Defendant's Affirmative Defenses. (DocA. 38)[6]

7.     The Complaint seeks a judgment in the total amount of $1,590,599.38 based upon actual and constructive fraudulent transfer claims under Federal and Florida law. (DocA. 1) The Complaint also seeks an order disallowing any claims the Defendant has or may have against the Debtor pursuant to 11 U.S.C. § 502(d). (DocA. 1)

8.     TBW commenced its Chapter 11 bankruptcy case with this Court on August 24, 2009 (the "Petition Date"). (DocM. 1)

9.     Prior to the Petition Date, the Debtor made payments to Defendant totaling $1,590,599.38 (the "Transfers"), which Transfers are set forth on Exhibit "A" to the Complaint. (DocA. 1, Ex. A)

---

[5] The parties reached a settlement, but it was never consummated. *See Report of Mediator*. (DocA. 23)
[6] By Order dated March 9, 2016, the Court granted a motion by Defendant's counsel of record, Todd Hoepker, Esq., to withdraw as counsel, giving Defendant 30 days to obtain replacement counsel. (DocA. 43) There is no record evidence that Defendant complied with the Court's Order.

10. Specifically, Exhibit "A" to the Complaint sets forth the (i) Defendant's identity, Chisolm Properties of Atlanta, LLC; (ii) Defendant's business address, 960 Spring Street, Atlanta, Georgia 30309; (iii) payments received by the Defendant from the Debtor during the applicable time frame -- one for $219,812.38 and several aggregating $1,370,787, for a total of $1,590,599.38; (iv) the identity of the person on whose behalf the payments were made: Lee Farkas; and (v) dates of the wire transfers -- the $219,812.38 payment was wired on April 30, 2007, within 4 years of the Petition Date, and the payments aggregating $1,370,787.00 were wired on August 23, 2009, within 1 year of the Petition Date, and in fact 1 day prior to the Petition Date. (DocA. 1, Ex. A)

11. As of the date of the trial, October 20, 2016, Defendant had not paid the amount demanded, $1,590,599.38, by Plaintiff.

12. The factual allegations in the Complaint are true and correct pursuant to and based upon Mr. Luria's review of the Debtors' books and records and/or documents in the record in the captioned adversary proceeding and the Debtors' Chapter 11 case available on PACER.

13. As to the actual fraud claims under Section 548(a)(1)(A) of the Bankruptcy Code, 11 U.S.C. § 548(a)(1)(A), and Section 726.105(1)(a) of the Florida Statutes, *Fla. Stat.* § 726.105(1)(a), TBW made the Transfers to Defendant with the actual intent to hinder, delay or defraud at least one entity to which the Debtor was, or after the Transfers became, indebted and which was harmed by the Transfers and could have avoided them under applicable law.

14. As to the constructive fraud claims under Section 548(a)(1)(B) of the Bankruptcy Code, 11 U.S.C. § 548(a)(1)(B), and Sections 726.105(1)(b) and 726.106(1) of the Florida Statutes, *Fla. Stat.* §§ 726.105(1)(b) and 726.106(1), at the times of the Transfers the fair value of the Debtor's assets was much less than the total amount of the debts it owed, as set forth in

detail in the various reports filed in the Bankruptcy Case and in the *Second Amended and Restated Disclosure Statement* (Doc. 2144) filed by the Debtor in its Chapter 11 Bankruptcy Case. Accordingly the Debtor was insolvent at the time the Transfers were made or became insolvent as a result of the Transfers.

15. At the times of each of the Transfers, the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital, or, alternatively, the Debtor intended to incur or believed it would incur, debts that would be beyond its ability to pay as such debts matured.

16. At the time of each of the Transfers there existed at least one actual creditor of the Debtor that was harmed by the Transfers.

17. The Debtor made the Transfers to Defendant without receiving reasonably equivalent value in exchange.

18. The Defendant is the initial recipient or transferee of the Transfers and/or the entity on whose behalf the Transfers were made.

### B. Conclusions of Law

A. The Court has subject matter jurisdiction over the captioned adversary proceeding pursuant to 28 U.S.C. § 1334(b).

B. This adversary proceeding constitutes a core proceeding for which the Court is authorized to hear and determine all matters pursuant to 28 U.S.C. § 157(b)(2)(H), including entering this Final Judgment.[7]

---

[7] To the extent that it is determined in any appeal that this Court could not enter a final judgment, this Final Judgment should be considered proposed findings of fact and conclusions of law for review by a United States District Court as contemplated by 28 U.S.C. § 157(c)(1).

7362762-2

C.     The Transfers made within two years of the Petition Date constitute fraudulent transfers pursuant to 11 U.S.C. §§ 548(a)(1)(A) and (a)(1)(B) and are due to be, and hereby are, avoided.

D.     The Transfers made within four years of the Petition Date constitute fraudulent transfers pursuant to *Fla. Stat.* §§ 726.105(1)(a), 726.105(1)(b) and 726.106(1) and are due to be, and hereby are, avoided.

E.     The Transfers, or their value ($1,590,599.38), can be recovered by Plaintiff from Defendant pursuant to 11 U.S.C. § 550(a)(1) because Defendant is the initial transferee of the Transfers or the entity for whose benefit the Transfers was made.

#   #   #

*(James Gassenheimer, Esq. is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of the entry of the order.)*